UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| AEGIS FOOD TESTING LABORATORIES, INC., a South Dakota company, | ) ) ) ) | CIV. 12-4031-KES |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| AEGIS SCIENCES CORPORATION, a Tennessee corporation, | ) ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | |
| AEGIS FOOD TESTING LABORATORIES OF OKLAHOMA, LLC, a South Dakota limited liability company, | ) ) ) ) ) ) | |
| Third-Party Defendant. | ) | |

Plaintiff, Aegis Food Testing Laboratories, Inc., brought a declaratory judgment action against defendant, Aegis Sciences Corporation, to determine whether Aegis Food was infringing upon the trademark rights of Aegis Sciences. Docket 1. Aegis Sciences answered and brought four counterclaims. Docket 8. Aegis Food moves to dismiss count four of Aegis Sciences' counterclaim asserting that the court does not have subject matter jurisdiction over that count, which pertains to state marks, and that Aegis Sciences failed to state a claim upon

which relief can be granted. Docket 17. Aegis Sciences resists the motion to dismiss and argues that the court can order that the state-registered marks be canceled under the Declaratory Judgment Act and that it has sufficiently stated a claim upon which relief may be granted. Docket 18. For the following reasons, Aegis Food's motion to dismiss is denied in part and granted in part.

## BACKGROUND

According to the pleadings: Aegis Food is a South Dakota company that is headquartered in North Sioux City, South Dakota. Aegis Sciences is a Tennessee corporation that has its headquarters in Nashville, Tennessee. Both companies are engaged in an industry that involves scientific testing. Aegis Food alleges that its business consists mainly of testing meat for pathogens. Aegis Sciences engages in forensic science testing that relates to food testing services, namely, laboratory testing of dietary and nutritional supplements and other foods for the presence of drugs, steroids, and other elements.

Since 1990, Aegis Sciences has continuously used the mark AEGIS in relation to providing laboratory testing services and related consulting services. In the years that followed, Aegis Sciences added additional types of testing and services. Since 1999, Aegis Sciences has owned and operated a website and registered the domain name of www.aegislabs.com. Aegis Sciences also owns a number of federally registered marks with the Aegis name. Aegis Sciences offers its testing services nationwide. Aegis Food, conversely, has registered marks

relating to the word Aegis in the states of South Dakota, Iowa, Illinois, Nebraska, and Texas.

Aegis Sciences first became aware of Aegis Foods on January 6, 2011, when a customer of Aegis Food sent an email to Aegis Sciences by mistake. Aegis Sciences then sent Aegis Food a cease and desist letter on January 26, 2011, requesting that Aegis Food stop using the Aegis mark. For approximately a year after the letter was sent the parties attempted to resolve the trademark concerns raised in the letter. The parties could not reach an agreement.

Aegis Food filed suit, requesting that the court declare its non-infringement of Aegis Sciences' registered marks. Docket 1 at 3-4. Aegis Sciences answered and raised a number of counterclaims. In count four of the counterclaim, Aegis Sciences requests "declaratory relief cancelling [Aegis Food]'s state trademark registrations." Docket 8 at 14. Specifically, Aegis Sciences argues that the state trademarks that Aegis Food obtained in the states of South Dakota, Nebraska, Iowa, Illinois, and Texas were fraudulently obtained, were registered improperly, and are so similar to Aegis Sciences' marks that this court should declare that the registrations be canceled on those grounds.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss an action for lack of subject matter jurisdiction. It is a rule " 'rooted in the unique nature of the jurisdictional question.' " *Osborn v. United States*, 918 F.2d

724, 729 (8th Cir. 1990) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Under a motion to dismiss based on lack of subject matter jurisdiction, the defendant may challenge either the plaintiff's complaint on its face or based on the factual truthfulness of the claims. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn*, 918 F.2d at 729 n.6. The plaintiff carries the burden of showing that jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). "A motion to dismiss for lack of jurisdiction under rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citation omitted).

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public record, or materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). To survive the motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual content in the

complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## DISCUSSION

### I. Subject Matter Jurisdiction

Aegis Food argues that the court does not have subject matter jurisdiction over count four of the counterclaim because there is no case or controversy as to Aegis Sciences' request that the court cancel Aegis Food's marks within South Dakota, Nebraska, Iowa, Illinois, and Texas. Specifically, Aegis Food argues that Aegis Sciences' claim is unlike a typical situation giving rise to declaratory judgment jurisdiction—like a claim to cancel a trademark registration when the owner threatens to sue for infringement involving the validity of the mark. Docket 17 at 2 (citing *Lang v. Pac. Marine & Supply Co., Ltd.*, 895 F.2d 761, 763 (Fed. Cir. 1990)). Aegis Food claims that because it did not attempt to enforce its state registrations against Aegis Sciences, nor did Aegis Sciences attempt to plead a similar claim, Aegis Sciences failed to plead a concrete and definite dispute.

Trademark infringement occurs when one party's use of a mark is likely to cause confusion with the connection, affiliation, or association of another party. 15 U.S.C. § 1125(a)(1). The Declaratory Judgment Act gives federal courts the power to "declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Federal courts, however, are courts of limited jurisdiction and only have the power to hear cases that involve actual cases and controversies. *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004) (citing U.S. Const. art. III, § 2, cl. 1).

The United States Supreme Court discussed the standard for evaluating whether a declaratory judgment claim successfully states a case or controversy in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The Court stated that the dispute should be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotations omitted). Thus, the inquiry "is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

First, Aegis Food brought a declaratory judgment claim against Aegis Sciences, whereby it states that "there is an actual case or controversy between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201 concerning

Defendant's asserted trademark infringement claim." Docket 1 ¶ 14. Second, Aegis Sciences also asks the court to declare whether or not Aegis Food is infringing upon Aegis Sciences' federally held marks by registering Aegis Food's marks in a number of states. Both parties are asking the court to declare their rights and responsibilities as to their marks and to the other party. Aegis Food's federal claim and Aegis Sciences' federal and state claims both put before the court whether any continued use of Aegis Food's marks is proper. If this court declares that Aegis Food is infringing upon Aegis Sciences' trademark rights under federal law, then that will at least impact the analysis, if not decide the issue,[1] of whether Aegis Food's use of its state marks is also improper.

Additionally, this court has the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office[.]" 15 U.S.C. § 1116(a). At this stage of the litigation, Aegis Sciences has pleaded sufficient facts to make the dispute as it

---

[1] The trademark infringement analysis for state-law claims is usually similar to the court's federal analysis of trademark infringement under the Lanham Act. *See Dakota Indus., Inc. v. Cabela's.Com, Inc.*, 766 N.W.2d 510, 514 (S.D. 2009) (noting the consideration of the Lanham Act in the case of trademark abandonment because the South Dakota Supreme Court "may look to federal courts for guidance in interpretation of a state statute that is similar to a federal law.") (quoting *St. Cloud v. Leapley*, 521 N.W.2d 118, 122 (S.D. 1994)); *Firefly Digital Inc. v. Google Inc.*, 817 F. Supp. 2d 846, 867 (W.D. La. 2011) (noting that Louisiana courts determine trademark issues using the same categories as federal courts when ordering the Secretary of State to cancel the state mark).

pertains to the state marks "definite and concrete," and the court can give the parties "specific relief through a decree of conclusive order." *MedImmune*, 549 U.S. at 127. Thus, these claims provide subject matter jurisdiction and establish a case or controversy.

## II.   Failure to State a Claim

Aegis Food argues that Aegis Sciences did not sufficiently plead a claim that Aegis Food's state registrations are confusingly similar or that they were improperly registered; thus, it has failed to state a claim upon which relief can be granted. Aegis Food also alleges that Aegis Sciences failed to plead claims of fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

As discussed in the case or controversy analysis, however, Aegis Sciences' claim that Aegis Food's state trademark registrations were registered improperly or are confusingly similar to Aegis Sciences' marks, directly ties into Aegis Sciences' assertion of federal trademark infringement. In fact, the same facts and proof would more than likely establish each claim.

In its counterclaim, Aegis Sciences alleges that Aegis Food holds state trademark registrations[2] for "AEGIS FOOD TESTING LABORATORIES" in Nebraska, Iowa, Illinois, South Dakota, and Texas. Docket 8 ¶ 26. Aegis Sciences also pleaded that Aegis Food's registered marks are legally identical to Aegis

---

[2] Included in Aegis Sciences' counterclaim were the specific marks, the states in which the marks were registered, the registration numbers, and the dates of registration. Docket 8 at 8-9.

8

Sciences' already registered AEGIS marks, and both Aegis Food and Aegis Sciences use the word Aegis as a unique identifier. *Id.* ¶ 30. Aegis Sciences also pleaded that both parties engaged in food testing and related consulting services, which means Aegis Food used the Aegis mark "for identical and closely related services." *Id.* ¶ 4.

Aegis Sciences pleaded that Aegis Food registered domain names and launched its website at least eight years after Aegis Sciences launched its website.[3] *Id.* ¶ 27. Aegis Sciences pleaded that it sent Aegis Food a cease and desist letter on January 26, 2011, asking that Aegis Food stop using the Aegis mark. *Id.* ¶ 29. Aegis Sciences pleaded that after finding out about Aegis Sciences' prior registered marks from the cease and desist letter, Aegis Foods subsequently registered seven additional domain names, all of which began with Aegis and were similar to Aegis Sciences' aegislabs.com website.[4]

If the court finds that Aegis Food's state marks are confusingly similar or improperly registered because they violate Aegis Sciences' existing marks, it has the power to declare that the state marks be canceled. Each state where Aegis Food has a state trademark registration has a mechanism or scheme through

---

[3] Aegis Sciences pleaded in its counterclaim that Aegis Food's later acquired website www.aegisfoodtestinglabs.com is confusingly similar to Aegis Sciences' prior established website of www.aegislabs.com. Docket 18 at 9.

[4] The domains registered were: aegisfoodlabs.info; aegisfoodlabs.net; aegisfoodlabs.org; aegisfoodtesting.com; aegisfoodtestinglabs.info; aegisfoodtestinglabs.net; and aegisfoodtestinglabs.org. Docket 8 at 9-10.

which the Secretary of State may cancel a party's registered mark when ordered to do so by a court of competent jurisdiction.[5] While Aegis Sciences did not specifically make note of each state's statute that provides for the cancellation of a mark in its counterclaim, Aegis Sciences did note each state in which Aegis Food had a registered mark and stated that the marks should be canceled because they were confusingly similar, fraudulently obtained, or registered improperly. This information, in addition to all the pleaded facts described above, was sufficient to state a claim upon which relief may be granted and put Aegis Food on notice of Aegis Sciences' state-law claims. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Finally, Aegis Food argues that Aegis Sciences incorrectly attempted to plead fraud as a means of establishing why Aegis Food's state marks should be

---

[5] *See* SDCL 37-6-20 ("The secretary of state shall cancel from the register when a court of competent jurisdiction shall order cancellation of a registration on any ground."); Iowa Code § 548.109 ("The secretary shall cancel from the register, in whole or in part, any of the following . . . [a] registration ordered canceled by a court on any ground."); Neb. Rev. Stat. § 87-136 ("The secretary shall cancel from the register, in whole or in part" when "[a] court of competent jurisdiction has ordered the cancellation of a registration on any ground."); 765 Ill. Comp. Stat. 1036/45 (allowing the Secretary of State to cancel a mark that was improperly granted, that was fraudulently obtained, or when the mark is confusingly similar"); Tex. Bus & Com. Code Ann. § 16.064 ("The secretary of state shall cancel a registration . . . when a court of competent jurisdiction orders cancellation of a registration on any ground.").

canceled. Aegis Food asserts that because Aegis Sciences did not meet the heightened pleading requirements when alleging fraud that Aegis Sciences has failed to state a claim upon which relief can be granted. The court agrees.

When dealing with instances of fraud or mistake, Federal Rule of Civil Procedure 9(b) requires that the party state with particularity "the circumstances constituting fraud or mistake[.]" *Comm. Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1999) (internal quotations omitted). " 'Circumstances include such matters as the time, place and content of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Id.* (internal quotations and citations omitted). While the Eighth Circuit Court of Appeals has not applied these heightened requirements when pleading fraudulent procurement of a trademark, other courts have done so. *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897, 914-15 (N.D. Iowa 2001) (citing *San Juan Prods., Inc. v. San Juan Pools of Kan., Inc.*, 849 F.2d 468, 472 (10th Cir. 1988); *Gaffrig Performance Indus., Inc. v. Livorsi Marine, Inc.*, Civ. No. 99-7778, 2001 WL 709483, at *4 (N.D. Ill. June 25, 2001); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 242 (S.D.N.Y. 2000)).

Aegis Sciences did not include in its pleadings such information "as the time, place and content of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up

thereby." *Comm. Prop.*, 61 F.3d at 644. For this reason, Aegis Sciences has not pleaded its claim of fraud with sufficient particularity under the Federal Rules of Civil Procedure. Count four of the counterclaim, as it pertains to fraudulent procurement of a state mark, is dismissed to the extent that Aegis Sciences must amend its pleading of fraud, if possible, to satisfy Rule 12(b)(6) and Rule 9(b). *See Iowa Health Sys.*, 177 F.3d at 915 (granting defendants' motion to dismiss "to the extent that the plaintiffs must amend their pleading of fraud, if they can, to satisfy" Rules 9(b) and 12(b)(6) because they did not sufficiently plead their fraudulent procurement of a trademark registration with particularity).

## CONCLUSION

Aegis Sciences sufficiently pleaded a case or controversy such that this court would have subject matter jurisdiction over the declaratory judgment claim as it relates to Aegis Food's registered state marks. Aegis Sciences also stated a claim upon which relief can be granted on count four of the counterclaim as it relates to Aegis Food's use of its mark being confusingly similar to Aegis Sciences' mark or being improperly registered. As it pertains to Aegis Sciences' claim that Aegis Food's state marks were fraudulently obtained, however, Aegis Sciences failed to state its claim with sufficient particularity as required under Federal Rule of Civil Procedure 9(b); therefore; Aegis Sciences must amend its answer/counterclaim to plead its fraud claim with particularity or the claim will be dismissed. Accordingly, it is

ORDERED that Aegis Food's motion to dismiss count four of Aegis Sciences' counterclaim (Docket 17) is granted in part and denied in part.

IT IS FURTHER ORDERED that Aegis Sciences will file its amended answer/counterclaim by **Tuesday, January 22, 2013.**

Dated December 20, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE