UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| AEGIS FOOD TESTING LABORATORIES, INC., a South Dakota company, | ) ) ) ) | CIV. 12-4031-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| AEGIS SCIENCES CORPORATION, a Tennessee corporation, | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| AEGIS FOOD TESTING LABORATORIES OF OKLAHOMA, LLC, a South Dakota limited liability company, | ) ) ) ) ) | |
| Third-Party Defendant. | ) | |

Plaintiff, Aegis Food Testing Laboratories, Inc., brought a declaratory judgment action against defendant, Aegis Sciences Corporation, to determine whether Aegis Food was infringing upon the trademark rights of Aegis Sciences. Docket 1. Aegis Food moves for summary judgment on a number of Aegis Sciences' requested forms of relief raised in its counterclaims. Aegis Food alleges that because Aegis Sciences cannot establish willful infringement or actual consumer confusion it cannot recover actual damages or disgorge Aegis Food's

profits. Docket 26. Aegis Sciences resists the motion for summary judgment, claiming that it does not have to prove willfulness or actual confusion, but even if it did, that it has brought forth sufficient facts to create a genuine dispute in material fact that survives summary judgment. Docket 39. For the following reasons, the motion for summary judgment is denied.

## BACKGROUND

The undisputed facts, viewed in the light most favorable to the nonmoving party, Aegis Sciences, are:

Aegis Food is a South Dakota company that is headquartered in North Sioux City, South Dakota. Aegis Sciences is a Tennessee corporation that has its headquarters in Nashville, Tennessee. Both companies are engaged in an industry that involves scientific testing. Aegis Food is a business whose main service is the testing of meats for pathogens. Aegis Sciences mainly engages in forensic science testing of dietary and nutritional supplements and other foods for the presence of drugs, steroids, and other elements.

Since 1990, Aegis Sciences has continuously used the mark AEGIS in relation to providing laboratory testing services and related consulting services. In the years that followed, Aegis Sciences added additional types of testing and services. Since 1999, Aegis Sciences has owned and operated a website and registered the domain name of www.aegislabs.com. Aegis Sciences also owns a number of federally registered marks with the Aegis name. Aegis Sciences offers

2

its testing services nationwide. Aegis Food, conversely, has registered marks in five states.

Aegis Food was founded by its current president and CEO, Phyllis Antonacci. When Antonacci started Aegis Foods she had already amassed 25 years of experience in the food testing industry. Prior to selecting a name for her new company, Antonacci invoked the services of Design and Marketing Solutions, Inc., to come up with a name for the business. Of the names offered, Antonacci liked Aegis Food Testing Laboratories because there was a connotation of "protection." Antonacci had a company conduct a trademark search, and defendant's name came up in the search, along with a number of other companies using the word "Aegis" in their names. Antonacci proceeded to name her company AEGIS FOOD TESTING LABORATORIES because she was not familiar with defendant's name or its offered services.

Aegis Sciences first became aware of Aegis Foods on January 6, 2011, when a customer misdirected an email. Aegis Sciences then sent Aegis Food a cease and desist letter on January 26, 2011. For approximately a year after the letter was sent the parties attempted to resolve the trademark concerns raised in the letter. The parties could not reach an agreement.

Aegis Food filed suit, requesting that the court declare its non-infringement of Aegis Sciences' registered marks. Docket 1 at 3-4. Aegis Sciences answered and raised a number of counterclaims. Docket 8. Aegis Food moved to dismiss

count four of Aegis Sciences' counterclaim, which requested that the court cancel Aegis Food's five state-registered marks. Docket 17. The court denied the motion to dismiss on December 20, 2012. Docket 49. Aegis Food's motion for summary judgment is now before the court.

## STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows that there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

Once the moving party has met its initial burden, the nonmoving party must establish "that a fact . . . is genuinely disputed" either "by citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). "The nonmoving party may not 'rest on mere allegations or denials, but must

4

demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## DISCUSSION

Aegis Food moves for summary judgment solely on the issue of whether certain types of remedies are appropriate. Aegis Sciences requests the following damages as a result of Aegis Food's alleged federal trademark infringement: "treble its damages, Food Testing's profits made from its infringing use of the AEGIS mark and increased subject to the principles of equity, punitive damages, compensatory damages, prejudgment interest, and [Aegis Sciences]' costs of suit and reasonable attorneys' fees." Docket 8 at 15. The court does not have to reach this issue, however, because summary judgment is not an appropriate motion to determine the types of damages available to a successful party.

The language of Federal Rule of Civil Procedure 56 states that "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). *See also Celotex Corp.*, 477 U.S. at 323-24 ("One of the principal purposes

5

of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]"). Although Aegis Sciences moves for summary judgment on the issue of damages, disgorgement of profits and actual damages are both forms of relief and are not "claims" that are subject to a Rule 56 motion for summary judgment. *See Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, Civ. No. 11-4017, 2012 WL 327863, at *21 (N.D. Iowa Feb. 1, 2012) ("[P]unitive damages are not a cause of action, and as such, so long as there are surviving claims, they are not subject to a motion to dismiss."). Because the merits of Aegis Food's declaratory judgment claim and Aegis Sciences' four counterclaims have not been addressed, the court will not reach the issue of remedies at this time.

Additionally, the parties' arguments on this summary judgment motion center on the issue of actual consumer confusion or the likelihood of confusion. The final determination of confusion is an issue that is inexplicably intertwined with liability,[1] which is not an issue before the court on summary judgment;

---

[1] Much of the parties dispute in their briefing relates to the similarity (or lack thereof) of the services that each entity provides to the public. Aegis Food argues that the public could not be confused because it and Aegis Sciences' services are so dissimilar and the two entities do not share the same market, industry, or customers. *See* Docket 43 at 2 ("Contrary to Defendant's unsupported allegations of willfulness, the reality is that Plaintiff and Defendant offer highly specialized, yet very different, testing services to two completely different sets of sophisticated customers."). Aegis Sciences claims that both entities are involved in the food service testing industry and that its testing of fish for pathogens is confusingly similar to Aegis Food's staple service of testing meat for pathogens. These arguments relate to the determination of liability, which is not before the court on the summary judgment motion.

6

thus, this provides another reason to deny summary judgment. *See Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 43 Fed. App'x 517, at *1 (3d Cir. 2002) (addressing the party's confusion of proof of loss, which was a damages issue, with proof of confusion, which is a liability issue). Moreover, wilfulness is a state of mind question that is best left to the jury.[2] For these reasons, summary judgment is denied.

## CONCLUSION

Aegis Food's motion for summary judgment only pertains to Aegis Sciences' requested forms of relief, not actual claims; therefore, summary judgment is inappropriate because Rule 56 of the Federal Rules of Civil Procedure only allows for summary judgment of claims or defenses. Accordingly, it is

ORDERED that Aegis Food's motion for summary judgment (Docket 26) is denied.

Dated December 27, 2012.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        CHIEF JUDGE

---

[2] *See Century Wrecker Corp. v. E.R. Buske Mfg. Co., Inc.*, 913 F. Supp. 1256, 1271 (N.D. Iowa 1996) ("Willfulness is a question of fact and involves a determination as to an infringer's state of mind.") (citing *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1221 (Fed. Cir. 1995)).