UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DISTRICT

AEGIS FOOD TESTING LABORATORIES,
INC., a South Dakota corporation,

    Plaintiff,

v.

AEGIS SCIENCES CORPORATION, a
Tennessee corporation,

    Defendant.
_____/

Civil Action No. 4:12-cv-04031-KES

AEGIS SCIENCES CORPORATION, a
Tennessee corporation,

    Counter-Plaintiff/Defendant,

v.

AEGIS FOOD TESTING LABORATORIES,
INC., a South Dakota corporation,

    Counter-Defendant/Plaintiff,

and

AEGIS FOOD TESTING LABORATORIES
OF OKLAHOMA, LLC, a South Dakota
limited liability company,

    Counter-Defendant.
_____/

**COUNTER-PLAINTIFF/DEFENDANT
AEGIS SCIENCES CORPORATION'S MOTION FOR SANCTIONS**

    Due to Aegis Food Testing Laboratories, Inc. and Aegis Food Testing Laboratories of Oklahoma, LLC's (collectively, "Aegis Food") failure to comply with this Court's Order compelling the production of documents and information by December 3, 2012 (the "Order"),

Counter-Plaintiff/Defendant Aegis Sciences Corporation ("Aegis") hereby moves pursuant to Rule 37(b) and (d) of the Federal Rules of Civil Procedure and Local Rule 37-1, for sanctions against Aegis Food. The grounds for this motion are:

1. In addition to ordering Aegis Food to produce documents requested in certain of Aegis's document requests in its First Request for Production, the Court ordered Aegis Food to provide amended responses to the document requests, identifying specifically the documents that were being provided in response to each request, so that Aegis would have an understanding of how the requests were interpreted by Aegis Food and to provide straightforward responses that properly state any objections raised so that it can be determined what, if any, documents are being withheld pursuant to objections.

2. In its amended responses served on December 3, 2012, Aegis Food removed or rephrased its objections to many of the requests and stated the Bates-range of responsive documents that it had produced for each document request. Aegis Food produced only twenty-four (24) additional pages of documents at this time. Aegis Food made no mention of any documents that were still being withheld.

3. Prior to deposing Aegis Food's top two (2) executives and its chief scientist, Aegis's counsel expressed concerns to Aegis Food's counsel regarding documents that still appeared to be missing from Aegis Food's production, and warned that it may need to continue the depositions if documents were to be produced after the depositions. See Aegis's Motion to Extend Deadlines, ¶ 3, Ex. A (D.E. 50).

4. On December 17 and 18, 2012, Aegis took the key depositions of Aegis Food's top two (2) executives and its chief scientist. Based on responses given during the depositions, it

was clear to Aegis that Aegis Food continued to withhold documents, including many financial records and other documents that the Court has ordered produced.

5. Following the depositions, Aegis detailed to Aegis Food's counsel the missing discovery documents that should have been produced by the Court's deadline of December 3, 2012. Aegis's counsel also noted and explained how Aegis Food's failure to comply with the Court's Order had caused Aegis significant, unnecessary expenses and had prejudiced Aegis during the deposition process and in working with experts. See Aegis's Motion to Extend Deadlines, ¶ 10, Ex. D.

6. On December 21, 2012, Aegis filed its Motion to Extend Its Discovery Deadline and Expert Deadlines, due to Aegis Food's refusal to stipulate to an extension of time necessitated by its own failure to meet discovery deadlines, including deadlines set by this Court's Order compelling the production of documents and information by December 3, 2012 (D.E. 50). The contents of such motion are hereby incorporated.

7. Notably, it was discovered during the depositions that Aegis Food keeps target or prospective client lists, which it uses to seek out new customers for its business. These types of lists are of critical importance to Aegis's planned expert surveys, wherein Aegis's experts must determine and then poll the universe of potential consumers. See McCarthy on Trademarks §32:159. Expert reports can cost $100,000.00 or more; thus, the risk of preparing for and then taking such surveys and reports without all of the essential information is significant.

8. Had the lists been timely produced, Aegis would have had the benefit of asking questions about them during the depositions it took last month (e.g., there is a good chance they are not fully self-explanatory, and a review of the lists could certainly be a useful tool in jogging or testing a witness' memory as to all of the different types of prospective customers the

company is actually marketing to). Considering that Aegis keeps learning new information about the actual scope of Aegis Food's business (such as its outsourcing of many food tests) through Aegis Food's untimely production of discovery, it can only be assumed that Aegis Food is again attempting to hide information that is not favorable to the positions it has taken in this case.

9. Such target client lists would unquestionably be responsive to at least document request no. 25, which requested all documents which record, refer, or relate to the target audience and intended market for Aegis Food's goods and services. This is a standard trademark infringement case document request concerning a central issue in this case—the composition and scope of the competing companies' client and prospective client base. For that reason, *this information was requested at the beginning of discovery in May of last year*.

10. While Aegis Food initially made objections that made it impossible to determine what documents it was withholding and did not associate its document production with the requests, the Order required it to remove the improper objections, and answer the requests fully and properly in a manner that made it clear what documents were not being produced pursuant to its objections, if any objections were going to be asserted.

11. In response to the Order, Aegis Food removed its improper objections to this request, asserted no objections, and listed the documents it had already produced (its list of current clients) as purportedly being the only responsive document it had. Clearly, the target client list(s) are the exact type of documents sought by this request and there can be no good

faith reason for failing to produce them when requested back in May 2012, and certainly not after the Order.[1]

12. Other missing, critical documents from Aegis Food's production at the time of taking the depositions included **any** financial reports for 2012 and its monthly financial reports for 2007–present. Prior to the depositions, in its December 13, 2012 letter, Aegis Food's counsel informed Aegis's counsel that it had monthly reports that were not produced. It then went on to unequivocally state that such monthly reports are **not** retained by Aegis Food and thus could not be produced. See Aegis's Motion to Extend Deadlines, Ex. B. Accordingly, they were not produced prior to the key executive depositions.

13. However, this assertion of counsel was not accurate, because on December 20, 2012, Aegis Food produced **275 pages** of accountant-prepared financial reports for 2012. According to testimony provided during the depositions, these financial reports are reviewed monthly by Aegis Food executives and contain substantial, previously undisclosed details that, by Court Order, should have been provided before Aegis took significant key depositions.

14. Upon inquiring as to the whereabouts of such detailed monthly financial reports for prior years, Aegis was *again* informed that the reports are **not** retained by Aegis Food. However, as indicated during the depositions, at a minimum, electronic versions of these reports should still be available. Aegis Food's counsel, however, refused to respond when asked if any electronic records were reviewed in relation to its insistence that only 2012's reports still exist.

15. Upon Aegis inquiring as to whether, and if so, when the prior years' monthly financial reports would have been destroyed, Aegis Food's counsel again would not respond. Further, Aegis Food's counsel refused to answer any questions regarding whether Aegis Food

---

[1] To the extent this Court considers this failure to produce the target client list(s) as necessitating a new motion to compel, in the alternative, Aegis hereby moves this Court to compel Aegis Food to provide the target and/or prospective client list(s), which were requested by Aegis in May 2012.

had asked its accountants for copies of the prior years' monthly financial reports. These financial reports are specifically called for in document request no. 3, as reports generated by accountants on a monthly basis for review and use by management would fall under the request and the Court's Order compelling a full production.

16. Once produced after the depositions, it was determined that the information contained in the 2012 monthly reports is significant to Aegis's preparation of its case, because such reports are much more detailed than the annual reports previously provided by Aegis Food. For example, the reports disclose the fact that Aegis Food outsources some of its testing, giving it the ability to provide "one-stop shopping" to its customers. Such information would have been helpful to know prior to the depositions, so that Aegis's counsel could have been better prepared to ask questions regarding the outsourcing of testing. Instead, due to Aegis Food's refusal to respond in good faith to its discovery requests or comply with the Orders of this Court, Aegis's counsel was forced instead to ask questions to learn the specifics about documents it had not seen and about services that had not previously been disclosed.

17. Other critical, missing documents include any documents provided to banks for Aegis Food's recapitalization, which took place in 2012. Such documents would be responsive to at least document request no. 2, which requested documents sufficient to summarize Aegis Food's capitalization and financing. Prior to the depositions, Aegis was not even aware of the fact that Aegis Food had recapitalized in 2012.

18. While this document asked only for "documents sufficient to summarize" Aegis Food's capitalization and financing, had anything been produced as required, knowing that any business applying for a loan from a bank would undoubtedly be required to provide detailed business information, including analysis of its current and future business plans, market

segments and financial status, Aegis could have followed up with narrowly-tailored requests. However, no such information was provided when requested in May 2012, or as required by this Court's Order.

19. In follow up, Aegis Food's counsel now takes the unbelievable position that the company did not make copies of anything submitted to the bank and does not have a single document that relates to its 2012 bank financing. Again, it refused to answer any questions concerning the details or scope of its attempts to collect such information.

20. As additional grounds for sanctioning Aegis Food, **after the Court-ordered December 3, 2012 deadline, Aegis Food has produced 334 pages of documents.** Aegis spent many hours convincing Aegis Food to produce these documents. 275 of those 334 pages were not produced until **after** Aegis began the key Aegis Food depositions. Aegis Food to this date has refused to allow Aegis to continue the depositions, stating that the parties are already past the court-ordered discovery deadline of December 31, 2012. However, Aegis could not have properly concluded the depositions on December 17 and 18, because it was missing many of the key documents necessary for proper and complete depositions.

21. Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, if a party fails to obey an order to provide or permit discovery, the Court may issue further orders, including:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Further, the Court may also "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. at (D).

22. To impose sanctions under Federal Rule of Civil Procedure 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir.1999).

23. The November 2, 2012 Order satisfies the first prong of this test. Next, Aegis Food and its counsel have willfully violated the Order. Counsel for Aegis has on many occasions followed-up with Aegis Food's counsel in order to obtain the withheld documents. Aegis Food has intentionally delayed, stated that documents do not exist before depositions (only to be proven wrong during the depositions), and produced hundreds of pages of documents after key depositions, while refusing to provide any additional documents or allow the depositions to be resumed.

24. Finally, the prejudice prong is met. Because Aegis Food has missed its Court-ordered deadlines, and continues to withhold documents that the Court previously ordered to be produced, Aegis has been unable to adequately ready its experts with necessary information, or to complete its fact discovery, including depositions. Without suffering extreme risk, prejudice and unnecessary additional expense caused by Aegis Food's delays, working with experts cannot begin in earnest until the requested documents are produced and fact discovery is complete. As stated above, in trademark infringement cases like this one, such information must be considered by the consumer confusion and damages experts so that they may develop costly but necessary consumer surveys, and complete their forthcoming related and intertwined expert reports.

25. Just recently, Your Honor ruled that a party's failure to comply with a previous court order requiring discovery responses and document production warranted a fee award to the moving party. Superior Composite Structures, LLC v. Parrish, Civ. Case No. 10-4066-KES, 2012 WL 5194228 (D.S.D. Oct. 19, 2012). Further, the Court warned the disobeying party that failure to comply within thirty (30) days would warrant default judgment being entered against it. Id. at *12.

26. "Rule 37, interpreted consistent with its purposes, authorizes an award encompassing 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" In re Stauffer Seeds, Inc., 817 F.2d 47, 50 (8th Cir. 1987) (quoting Aerwey Laboratories v. Arco Polymers, 90 F.R.D. 563, 565–566 (N.D.Ill.1981)).

27. Here, absent Aegis Food's discovery abuses, Aegis would not have incurred the expense of this motion. Thus, in addition to recovering its fees for having to persuade Aegis Food to produce the documents it did after December 3, 2012, Aegis should be awarded its fees in preparing this motion. Further, Aegis Food should be required to pay some or all of Aegis's fees in completing the depositions of Aegis Food's key executives and chief scientist, and the depositions should be completed in a location convenient to Aegis.

28. Aegis has been vigorously attempting to resolve in good faith and by agreement the many problems created by Aegis Food's failure to properly and timely respond to Aegis's discovery requests and this Court's discovery Order, but has been unable to do so. It has suffered great expense and, absent further Order of the Court, prejudice to the ability to reasonably and orderly prepare its case.

WHEREFORE, Aegis requests that this Court enter an Order granting its motion for sanctions against Aegis Food, ordering: (1) Aegis Food to promptly comply with this Court's

November 2, 2012 Order as to the documents set forth above, (2) Aegis Food to pay Aegis's reasonable expenses, including attorneys' fees, caused by Aegis Food's failure to comply with the Court's Order, including payment of some or all of Aegis's fees incurred in completing the depositions of Aegis Food's key executives and chief scientist,[2] (3) that the depositions of Aegis Food's executives and chief scientist be completed in a location convenient to Aegis and its counsel, which are both located in Nashville, Tennessee, (4) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action as the prevailing party claims, since one can only assume that Aegis Food has refused and is still refusing to produce documents because they would be unhelpful to its case, (5) granting such other relief as this Court deems just and proper in accordance with the sanctions allowable under Fed. R. Civ. P. 37(b)(2)(A), and (6) granting Aegis relief from the current scheduling order as earlier requested in its pending Motion to Extend Discovery Deadline and Expert Deadlines.

Respectfully submitted,

/s/ Christina Klinger
Christina L. Klinger
clk@magt.com
MAY, ADAM, GERDES & THOMPSON LLP
503 South Pierre Street
PO Box 160
Pierre, SD 57501-0160
(605) 224-8803

Joel T. Galanter, Esq. (Ten. Bar No. 17990)
joel.galanter@arlaw.com
ADAMS AND REESE LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
(615) 259-1450 (Telephone)
(615) 259.1450 (Facsimile)
*Admitted Pro Hac Vice*

---

[2] Aegis's counsel is prepared to submit a detailed fee statement at the directive of the Court.

and

Melissa S. Rizzo, Esq. (Fla. Bar No. 64491)
melissa.rizzo@arlaw.com
ADAMS AND REESE LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, Florida 33602
(813) 402-2880 (Telephone)
(813) 402-2887 (Facsimile)
*Admitted Pro Hac Vice*

*Attorneys for Aegis Sciences Corporation*

11

## CERTIFICATE OF SERVICE

     Christina L. Klinger of May, Adam, Gerdes & Thompson LLP hereby certifies that on the ___ day of January, 2013, a true and correct copy of the foregoing Motion for Sanctions was served upon the following person(s) via electronic filing:

Michael Schmeidt
Crary, Huff, Ringgenberg, Hartnett &
Storm, P.C.
*Attorney for Aegis Food Testing*
*Laboratories, Inc. and Aegis Food Testing*
*Laboratories of Oklahoma, LLC*

Michael T. Griggs
Boyle Fredrickson S.C.
*Attorney for Aegis Food Testing*
*Laboratories, Inc. and Aegis Food Testing*
*Laboratories of Oklahoma, LLC*

_____
CHRISTINA L. KLINGER